# United States Court of Appeals
# for the Federal Circuit

---

IN RE THE BOARD OF TRUSTEES OF THE UNIVERSITY OF ILLINOIS

*Petitioner.*

---

On Petition for a Writ of Mandamus to the
United States Patent and Trademark Office,
Patent Trial and Appeal Board,
In Cases IPR2013-401 and IPR2013-404

---

## PETITION FOR WRIT OF MANDAMUS

---

TODD S. WERNER

CARLSON CASPERS
225 South Sixth Street, Suite 4200
Minneapolis, MN 55402
Telephone: (612) 436-9600
Facsimile: (612) 436-9605

*Attorney for Petitioner The Board of
Trustees of the University of Illinois*

# CERTIFICATE OF INTEREST

Pursuant to Circuit Rules 21(a)(2) and 47.4(a)(1), counsel for Petitioner certifies the following:

1.      The full name of every party represented by me in this action is:

        The Board of Trustees of the University of Illinois.

2.      I also represent U.S. Nutraceuticals LLC d/b/a Valensa International, also a real party in interest, in a related patent infringement matter: *U.S. Nutraceuticals LLC d/b/a Valensa International and The Board of Trustees of the University of Illinois v. Cyanotech Corp. and Nutrex Hawaii, Inc.*, Civ. No. 5:12-cv-366 (M.D. Fla.).  This related matter concerns infringement of U.S. Patent No. 5,527,533—the same patent that is the subject of the *inter partes* review procedure to which this Petition is directed. This patent is owned by the University, and Valensa is the exclusive licensee of certain rights under it.  There are no other real parties in interest represented by me.

3.      E.I.D. Parry (India) Ltd., located in Chennai, India, is the parent company of Valensa and holds a controlling interest in Valensa.

4.      The names of all law firms and attorneys that appeared for the University in the United States Patent and Trademark Office or are expected to appear in this court are:

        CARLSON CASPERS P.A.: Mark D. Schuman, Iain A. McIntyre, Todd S. Werner, and Peter M. Kohlhepp.

Dated: March 4, 2014

s/Todd S. Werner
Todd S. Werner

# **TABLE OF CONTENTS**

TABLE OF CONTENTS ........................................................................ i

TABLE OF AUTHORITIES ................................................................ ii

INTRODUCTION .............................................................................. 1

RELIEF SOUGHT ............................................................................. 3

ISSUE PRESENTED .......................................................................... 3

STATEMENT OF FACTS .................................................................. 3

JURISDICTIONAL STATEMENT ..................................................... 5

STANDARD OF REVIEW ................................................................. 6

ARGUMENT ................................................................................. 6

A.     THE USPTO IS BOUND BY THE PLAIN LANGUAGE OF THE
       STATUTE BUT FAILED TO APPLY THAT PLAIN LANGUAGE ........ 7

B.     THE USPTO IGNORED RULES OF STATUTORY
       INTERPRETATION ................................................................. 9

       1.     Congress consciously chose language that specifically
              excluded the requirement for an adjudication on the merits .............. 9

       2.     The legislative history confirms that Congress intended to
              enact a bright-line rule that eliminated the possibility that
              accused infringers would initiate serial proceedings ....................... 11

C.     THE USPTO RELIED ON IRRELEVANT CASE LAW RATHER
       THAN THE CLEAR STATUTORY MANDATE ................................... 14

CONCLUSION ............................................................................... 17

CERTIFICATE OF SERVICE .......................................................... 18

# TABLE OF AUTHORITIES

**Cases**

*Anova Food, LLC v. Sandau*,
  IPR2013-00114 (No. 17) (Sept. 13, 2013) ..........................................................11

*Bd. of Governors of Fed. Res. Sys. v. Dimension Fin. Corp.*,
  474 U.S. 361 (1986).................................................................................................7

*Beck v. Caterpillar, Inc.*,
  50 F.3d 405 (7th Cir. 1995) ........................................................................ 14, 15

*Bonneville Assocs. Ltd. P'ship v. Barram*,
  165 F.3d 1360 (Fed. Cir. 1999) ........................................................................15

*Carcieri v. Salazar*,
  555 U.S. 379 (2009)...............................................................................................8

*Cheney v. U.S. Dist. Ct. for the Dist. of Columbia*,
  542 U.S. 367 (2004).............................................................................................16

*Chevron U.S.A. Inc. v. Natural Res. Def. Council, Inc.*,
  467 U.S. 837 (1984)...............................................................................................7

*Conn. Nat'l Bank v. Germain*,
  503 U.S. 249 (1992)...............................................................................................9

*Garfield v. United States*,
  211 U.S. 249 (U.S. 1908).....................................................................................6

*Graves v. Principi*,
  294 F.3d 1350 (Fed. Cir. 2002) .......................................................................15

*Holloway v. United States*,
  60 Fed. Cl. 254 (2004), aff'd, 143 F. App'x 313 (Fed. Cir. 2005)............... 14, 15

*Hughes Aircraft Co. v. Jacobson*,
  525 U.S. 432 (1999)...............................................................................................7

*In re Allvoice Devs. U.S. LLC*,
  388 F. App'x 996 (Fed. Cir. 2010) ........................................................6

*In re Princo Corp.*,
  478 F.3d 1345 (Fed. Cir. 2007) ...........................................................5

*In re TS Tech USA Corp.*,
  551 F.3d 1315 (Fed. Cir. 2008) ...........................................................6

*Momenta Pharm., Inc. v. Amphastar Pharm., Inc.*,
  686 F.3d 1348 (Fed. Cir. 2012) ...........................................................8

*P&G v. Team Techs., Inc.*,
  No. 12-cv-552, 2013 U.S. Dist. LEXIS 128949, (S.D. Ohio Sept. 10, 2013)........8

*United States v. Gonzalez*,
  520 U.S. 1 (1997)............................................................................11

*Univ. of Pittsburgh v. Varian Med. Sys.*,
  569 F.3d 1328 (Fed. Cir 2009) . ........................................................15

*VE Holding Corp. v. Johnson Gas Appliance Co.*,
  917 F.2d 1574 (Fed. Cir. 1990) ...........................................................8

*Weil v. Dann*,
  503 F.2d 562 (C.C.P.A. 1974) .............................................................6

## Statutes

28 U.S.C. § 1295 ...............................................................................5

28 U.S.C. § 1338 .............................................................................10

28 U.S.C. § 1651 ...............................................................................5

35 U.S.C. § 314.......................................................................... 1, 2, 16

35 U.S.C. § 315.......................................................................... passim

**Other Authorities**

153 Cong. Rec. E774 (daily ed. Apr. 18, 2007)
  (statement of Rep. Howard L. Berman).......................................................... 12, 13

154 Cong. Rec. at S9987 (daily ed. Sept. 27, 2008) (statement of Senator Kyl) ....12

157 Cong. Rec. S1374 (daily ed. March 8, 2011) (statement of Sen. Kyl).............13

157 Cong. Rec. S1375 (daily ed. March 8, 2011)
  (statement of Sen. Jon Kyl)....................................................................................12

157 Cong. Rec. S5429 (daily ed. Sept. 8, 2011)
  (statement of Sen. Jon Kyl)........................................................................... 12, 13

37 C.F.R. § 1.907 ....................................................................................................10

37 C.F.R. § 42.71 .....................................................................................................5

Federal Rule of Civil Procedure 41 ...................................................................... 14

# INTRODUCTION

This case involves a straightforward misapplication of a clear statutory limitation on the jurisdiction of the United States Patent and Trademark Office ("USPTO").  The USPTO is not permitted to conduct *inter partes* reviews ("IPRs") filed by a petitioner that has previously filed an action challenging the validity of the same patent in federal court.  35 U.S.C. § 315(a)(1).  In refusing to follow the plain and unambiguous language of this statute, the USPTO has exercised power where Congress has given it none.  The USPTO's actions are particularly problematic for patent owners, because decisions to grant petitions for IPR may not be appealed.  35 U.S.C. § 314(d).  This is precisely the injustice that the mandamus process is meant to remedy.

Congress provided an unambiguous statutory bar to the IPR process when it enacted the Leahy-Smith America Invents Act ("AIA"):  "An *inter partes* review may not be instituted if, before the date on which the petition for such a review is filed, the petitioner or real party in interest filed a civil action challenging the validity of a claim of the patent."  35 U.S.C. § 315(a)(1).  The IPR process was established to streamline patent litigation; this statutory bar serves to prevent patent owners from being subjected to serial litigation in both federal court and the USPTO.

The USPTO has failed to heed this statutory mandate, and has granted petitions for IPR even when the petitioner has previously filed declaratory judgment actions seeking declarations that the patent is invalid.[1]  In the instant case, Cyanotech Corporation ("Cyanotech") filed a declaratory judgment action challenging the validity of U.S. Pat. No. 5,527, 533 ("the Tso patent") on June 20, 2012.  The Tso patent is owned by the Petitioner in this case, the Board of Trustees of the University of Illinois ("University").  Over one year later, on June 28, 2013, Cyanotech petitioned the USPTO for *inter partes* review of that same patent.  Under the plain language of 35 U.S.C. § 315(a)(1), Cyanotech was barred from seeking *inter partes* review by virtue of its previously-filed declaratory judgment action.  Nevertheless, the USPTO instituted *inter partes* review.  Pursuant to 35 U.S.C. § 314(d), this decision is "final and nonappealable."  Thus, a writ of mandamus is necessary to remedy the USPTO's statutorily-barred action and to protect patent owners from serial harassment in judicial and administrative proceedings.

---

[1] The Procter & Gamble Company filed a Petition for a Writ of Mandamus addressing the same statutory bar with this Court on February 12, 2014 (Docket No. 2014-121).  This Court has ordered the two respondents to file any responses on or before March 13, 2014.

## RELIEF SOUGHT

The University requests that the Court issue a writ of mandamus commanding the USPTO and its Patent Trial and Appeal Board ("PTAB") to withdraw its order instituting *inter partes* review in cases IPR2013-401 and IPR2013-404.[2]

## ISSUE PRESENTED

Whether section 315(a) forbade the USPTO from instituting *inter partes* review on Cyanotech's petition where Cyanotech had previously "filed a civil action challenging the validity of a claim of the patent."

## STATEMENT OF FACTS

1.     On June 20, 2012, Cyanotech filed a declaratory judgment action challenging the validity of the Tso patent in the United Stated District Court for the District of Hawaii ("the Hawaii action").  *Cyanotech Corp. v. U.S. Nutraceuticals, LLC d/b/a Valensa International and the University of Illinois*, No. 12-cv-352 (D. Haw. June 20, 2012) (A001-A013).  Cyanotech's declaratory judgment action sought a declaration that, *inter alia*, the University's Tso patent is invalid.

---

[2] The PTAB's decision instituting *inter partes* review consolidated IPR2013-404 (which also challenged the validity of the Tso patent, on the basis of other references) into IPR2013-401.  (A078.)

2.      On July 30, 2012, the University and its co-defendant U.S.

Nutraceuticals LLC d/b/a Valensa International ("Valensa")[3] moved to dismiss the

declaratory judgment action on the grounds of personal jurisdiction and sovereign

immunity.  (A114.)  Vigorous motion practice followed, with Cyanotech

conducting jurisdictional discovery and opposing the motion to dismiss.  (A116-

A117.)  On February 7, 2013, the District of Hawaii court dismissed Cyanotech's

declaratory judgment action as barred by the University's sovereign immunity.

(A014-A038.)  The action was dismissed "without prejudice to Cyanotech bringing

its claims in the pending parallel action in the U.S. District Court for the Middle

District of Florida."  (A037-A038.)[4]

3.      Cyanotech subsequently did just that—bringing a declaratory

judgment count challenging the validity of the Tso patent as a counterclaim in the

Middle District of Florida patent infringement lawsuit filed by Valensa and the

---

[3] Valensa is the exclusive licensee of certain rights under the Tso patent.

[4] Several days after Cyanotech filed the June 2012 declaratory judgment action in the District of Hawaii, Valensa and the University filed a patent lawsuit in the Middle District of Florida alleging that Cyanotech and its subsidiary, Nutrex Hawaii Inc., infringed the Tso patent.  *U.S. Nutraceuticals LLC d/b/a Valensa International and The Board of Trustees of the University of Illinois v. Cyanotech Corp. and Nutrex Hawaii, Inc.*, Civ. No. 5:12-cv-366 (M.D. Fla. June 29, 2012) (A123).  Cyanotech and Nutrex moved to transfer the Florida action to the District of Hawaii, or alternatively, to dismiss it.  (A124.)   On March 29, 2013, the Florida court denied the motions, and the Florida patent infringement action moved forward.  (A126.)

University.  The Florida lawsuit remains active and ongoing, with trial scheduled

for January 2015.  (A120-A133.)

    4.      On June 28 and 29, 2013, just one day before the expiration of the

period for filing a request for *inter partes* review under section 315(b), but over

one year after Cyanotech filed the Hawaii action, Cyanotech filed two petitions

seeking *inter partes* review of the Tso patent.  (A039-A042; A043-A046.)  On

October 2, 2013 the University filed its "Preliminary Response," urging the

USPTO to deny the petitions pursuant to 35 U.S.C. § 315(a)(1).  (A060-A077.)

    5.      The USPTO refused to follow the plain language of the statute.  On

December 19, 2013 the USPTO ruled that section 315(a) did not bar institution of

*inter partes* review of the Tso patent, because dismissal of the District of Hawaii

declaratory judgment complaint "without prejudice" rendered that case "something

that de jure never existed," and "a nullity," such that, "[i]n the context of

§315(a)(1), the action was never filed."  (A086-A089.)  The University requested a

rehearing under 37 C.F.R. § 42.71 (c) and (d) (A101-A107), which was denied by

the PTAB panel on January 13, 2014 (A108-A111).

## JURISDICTIONAL STATEMENT

This Court has jurisdiction pursuant to the All Writs Act, 28 U.S.C. § 1651,

and because the underlying action is a patent case.  28 U.S.C. § 1295; *In re Princo*

*Corp.*, 478 F.3d 1345, 1351 (Fed. Cir. 2007).

## STANDARD OF REVIEW

"The writ of mandamus is available in extraordinary situations to correct a clear abuse of discretion or usurpation of judicial power." *In re TS Tech USA Corp.*, 551 F.3d 1315, 1318 (Fed. Cir. 2008).  Mandamus is likewise available to confine the power of the USPTO and its PTAB to the lawful limits set by Congress.  *See, e.g.*, *In re Allvoice Devs. U.S. LLC*, 388 F. App'x 996 (Fed. Cir. 2010) (mandamus available with respect to USPTO and BPAI, the PTAB's predecessor); *Weil v. Dann*, 503 F.2d 562, 563 (C.C.P.A. 1974) (per curiam) (same).

## ARGUMENT

The USPTO's decision to institute *inter partes* review of the Tso patent over a clear statutory bar is an unambiguous usurpation of Congress' power and abuse of an administrative agency's discretion.  *E.g. Garfield v. United States*, 211 U.S. 249, 261-62 (U.S. 1908) (indicating mandamus is the appropriate remedy where the officer charged with a public duty has "exceeded the authority conferred upon him by law").  The decision raises a pure issue of law that is by statute "nonappealable," making it particularly appropriate for a mandamus remedy.  The USPTO's application of section 315(a)(1)  is wrong for at least three reasons:  (1) it violates the clear letter of the statute, (2) it contradicts the legislative intent of the

statute, and (3) it relies on irrelevant case law addressing issues that are foreign to those presented by the statute.

## A. THE USPTO IS BOUND BY THE PLAIN LANGUAGE OF THE STATUTE BUT FAILED TO APPLY THAT PLAIN LANGUAGE

Section 315(a)(1) of Title 35 provides:

> INTER PARTES REVIEW BARRED BY CIVIL ACTION.— An *inter partes* review may not be instituted if, before the date on which the petition for such a review is filed, the petitioner or real party in interest filed a civil action challenging the validity of a claim of the patent.

Congress could not have been clearer. If a party has previously "filed a civil action challenging the validity of a claim of the patent," *inter partes* review of that patent is "BARRED" and "may not be instituted."

This case begins and ends with the plain text of section 315(a). "[I]n any case of statutory construction, our analysis begins with the language of the statute. And where the statutory language provides a clear answer, it ends there as well." *Hughes Aircraft Co. v. Jacobson*, 525 U.S. 432, 438 (1999) (internal quotations and citations omitted). This is because "the court, ***as well as the agency***, must give effect to the unambiguously expressed intent of Congress." *Bd. of Governors of Fed. Res. Sys. v. Dimension Fin. Corp.*, 474 U.S. 361, 368 (1986) (*quoting Chevron U.S.A. Inc. v. Natural Res. Def. Council, Inc.*, 467 U.S. 837, 842–43 (1984)) (emphasis added). "The traditional deference courts pay to agency interpretation is not to be applied to alter the clearly expressed intent of Congress."

*Id*. at 368. "[If] the statutory text is plain and unambiguous [then the administrative agency] must apply the statute according to its terms." *Carcieri v. Salazar*, 555 U.S. 379, 387 (2009) (collecting and citing cases); *see also Momenta Pharm., Inc. v. Amphastar Pharm., Inc*., 686 F.3d 1348, 1354 (Fed. Cir. 2012) (same); *VE Holding Corp. v. Johnson Gas Appliance Co*., 917 F.2d 1574, 1580 (Fed. Cir. 1990) (same).

Here, section 315(a)(1) is clear on its face—the operative event is "fil[ing]" a civil action. There is no ambiguity about what "filing" means, and the USPTO did not attempt to point to any. The dismissal of the Hawaii declaratory judgment action—which occurred only after vigorous briefing and substantial expenditures by both parties—did not operate to erase the original "filing" of the complaint for the purpose of section 315(a). The ultimate disposition of the "filed" action is not relevant. At least one federal court has considered this issue (in the context of a motion to stay) and agreed. *P&G v. Team Techs., Inc.*, No. 12-cv-552, 2013 U.S. Dist. LEXIS 128949, at *7 (S.D. Ohio Sept. 10, 2013) ("The language of [35 U.S.C. § 315(a)(1)] is clear and it contains no exceptions or qualifications. The operative event is the filing of the civil action, not its ultimate disposition."). The USPTO was bound by statute to deny Cyantoech's petition because Cyanotech had already elected for the district court forum by filing its declaratory judgment action in Hawaii.

**B.    THE USPTO IGNORED RULES OF STATUTORY INTERPRETATION**

### 1.    Congress consciously chose language that specifically excluded the requirement for an adjudication on the merits

The USPTO did not even attempt to find section 315(a) ambiguous.   Its "interpretation" of that statute contravened black-letter Supreme Court law and allowed the USPTO to entirely sidestep the clear limitation that Congress placed on its jurisdiction.   The USPTO's decision has the effect of amending section 315(a) by administrative fiat.   According to the USPTO, when Congress said "filed a civil action challenging the validity of a claim of the patent," Congress actually meant to say "filed a civil action challenging the validity of a claim of the patent *that resulted in adjudication on the merits*."   But this is contrary to law.   The USPTO must presume that when Congress said "filed," it meant "filed."   *Conn. Nat'l Bank v. Germain*, 503 U.S. 249, 253–54 (1992) ("We have stated time and again that courts must presume that a legislature says in a statute what it means and means in a statute what it says there.").

That principle is particularly justified here—where Congress knew the implications of the words it chose.   Under the rules governing the predecessor to IPR—*inter partes* reexamination —the bar to reexamination was triggered only after a district court had entered a "final decision" with respect to validity.   37

C.F.R. § 1.907(b) (2001).[5]  This confirms that Congress specifically chose not to re-use the "final decision" language when drafting section 315(a)(1).  The USPTO did not even acknowledge Congress's decision to change this language in reaching its decisions.

Further confirming that Congress meant what it said, Congress *did* use the phrase "final written decision" when drafting the new estoppel provisions of the very same section 315.  *See* 35 U.S.C. §§ 315(e)(1)–(2).[6]  If Congress had intended

---

[5] The old *inter partes* reexamination rule 37 C.F.R. § 1.907(b) read as follows:  "Once a final decision has been entered against a party in a civil action arising in whole or in part under 28 U.S.C. § 1338 that the party has not sustained its burden of proving invalidity of any patent claim-in-suit, then neither that party nor its privies may thereafter request *inter partes* reexamination of any such patent claim on the basis of issues which that party, or its privies, raised or could have raised in such civil action, and an *inter partes* reexamination requested by that party, or its privies, on the basis of such issues may not thereafter be maintained by the Office."

[6] 35 U.S.C. §§ 315(e)(1) and (2), which governs "Estoppel," reads as follows:

(1) Proceedings before the office:  The petitioner in an *inter partes* review of a claim in a patent under this chapter that results in a ***final written decision*** under section 318(a), or the real party in interest or privy of the petitioner, may not request or maintain a proceeding before the Office with respect to that claim on any ground that the petitioner raised or reasonably could have raised during that *inter partes* review.

(2) Civil actions and other proceedings:  The petitioner in an *inter partes* review of a claim in a patent under this chapter that results in a **final written decision** under section 318(a), or the real party in interest or privy of the petitioner, may not assert either in a civil action arising in whole or in part under section 1338 of title 28 or in a proceeding before the International

section 315(a)(1) to be triggered only by a "final decision" on the merits of a

validity challenge, it would have said so.  *See Anova Food, LLC v. Sandau*,

IPR2013-00114 (No. 17), at 6 (Sept. 13, 2013) (noting that section 315(b) requires

a petitioner to be "served," whereas section 315(a)(1) requires only that a civil

action be "filed," and finding that "when Congress meant for service to be

required, it included it in the statute") (A052).

> **2.    The legislative history confirms that Congress intended to enact a bright-line rule that eliminated the possibility that accused infringers would initiate serial proceedings**

Because the language of section 315(a) is clear—a proposition that was

never even addressed by the USPTO—"there is no reason to resort to legislative

history."  *United States v. Gonzalez*, 520 U.S. 1, 6 (1997).  But even if section

315(a) was ambiguous (which it is not), the legislative history further confirms that

Congress meant what it said.  Once a party "files," "has filed," or "has sought" an

action seeking a declaratory judgment of patent invalidity, the party has chosen the

federal district court forum and is "barred" from *inter partes* review:

- "Many have expressed concerns about the possibility of harassment of patent owners who want to assume quiet title over their invention. In an effort to address those concerns, ***the bill prohibits multiple bites at the apple by restricting the cancellation petitioner to opt for only one window one time***." 153 Cong. Rec. E774 (daily ed. Apr. 18, 2007)

---

Trade Commission under section 337 of the Tariff Act of 1930 that the claim
is invalid on any ground that the petitioner raised or reasonably could have
raised during that *inter partes* review."

(statement of Rep. Howard L. Berman of California, explaining the first iteration of what is now section 315(a)) (emphasis added).

- The section that became section 315(a)(1) "***bars a party that has filed a declaratory-judgment action challenging the validity of a patent from also challenging the patent in a post grant review proceeding***." 154 Cong. Rec. at S9987 (daily ed. Sept. 27, 2008) (statement of Senator Kyl, introducing the Patent Reform Act of 2008, S. 3600) (emphasis added).

- "Sections 315(a) and 325(a) bar a party from seeking or maintaining such a review ***if he has sought a declaratory judgment that the patent is invalid***." 157 Cong. Rec. S1375 (daily ed. March 8, 2011) (statement of Sen. Jon Kyl) (emphasis added).

- "The final bill will still bar seeking [*inter partes* review] or [post-grant review] ***after a declaratory-judgment action has been filed*** . . . ." 157 Cong. Rec. S5429 (daily ed. Sept. 8, 2011) (statement of Sen. Jon Kyl).

The USPTO itself recognizes that section 315(a) is about forum choice. (A088 ("Under § 315(a), parties have a choice of forum to challenge the invalidity of a patent.").) But the USPTO contends that applying section 315(a) as written would "lead to the unjustified scenario where a party could challenge a patent in civil litigation but not in *inter partes* review." (A088.) But that is exactly what the statute was designed to accomplish by its express language—force a petitioner to make a choice of forum at the outset. Section 315(a) grants petitioners absolute discretion in forum choice; it merely forces them to make that choice up front.[7]

---

[7] The role of Section 315(a)(1) as a means to force a forum choice is reinforced by the subsection that follows, section 315(a)(2). That section provides that if the accused infringer files a civil action challenging validity *on or after* a petition for *inter partes* review has been filed (as opposed to before), then the civil

Further, in this case Cyanotech is not left without an avenue for relief.  Rather, it has the same avenue for relief that it opted for when it chose to file the Hawaii declaratory judgment action—the ability to challenge the validity of the Tso patent in federal district court.  It simply must do so in the Middle District of Florida, rather than the District of Hawaii.

Congress placed clear limits on access to *inter partes* review to "prevent abuse of these proceedings for the purposes of harassment or delay."  157 Cong. Rec. S1374 (daily ed. March 8, 2011) (Statement of Sen. Kyl).  Nonetheless, the USPTO concluded that section 315(a) was meant only to prevent *concurrent* attacks on a patent, and was not concerned with *serial* attacks.  But there is no basis in the statute or the legislative history for this distinction.  As Representative Berman noted with respect to the first iteration of what became section 315(a), the bar is meant to force a patent challenger to "***opt for only one window one time***."  153 Cong. Rec. E774 (daily ed. Apr. 18, 2007).  The USPTO's construction of section 315(a) would frustrate Congress's intent to limit the "harassment of patent owners."  Under the USPTO's construction, a patent challenger would be free to "test" the federal court forum before deciding to seek *inter partes* review.  If, for

---

action is stayed, rather than barred.  The legislative history explains that section 315(a)(2) was intended to allow the accused infringer to, in effect, put a placeholder in his preferred venue.  *See* 157 Cong. Rec. S5429 (daily ed. Sept. 8, 2011) (statement of Sen. Jon Kyl) ("The purpose of allowing the declaratory-judgment action to be filed is to allow the accused infringer to file the first action and thus be presumptively entitled to his choice of venue.").

example, the federal court action fails to withstand jurisdictional challenges,

then—as here—the patent challenger simply moves to the USPTO (after having

forced the opponent to expend substantial financial resources fighting the initial

federal court action).[8]  This cannot be the result that Congress intended when it

said that a party who has previously "filed" a civil action challenging the validity

of a patent is "barred" from *inter partes* review.

## C.   THE USPTO RELIED ON IRRELEVANT CASE LAW RATHER THAN THE CLEAR STATUTORY MANDATE

Despite its clear statutory mandate, the USPTO abandoned the plain

language in favor of federal court case law addressing the common law

implications of dismissals without prejudice.  (A086-A087 (citing *Holloway v.*

*United States*, 60 Fed. Cl. 254, 261 (2004), aff'd, 143 F. App'x 313 (Fed. Cir.

2005))); *see also Beck v. Caterpillar, Inc.*, 50 F.3d 405, 407 (7th Cir. 1995)

("[Plaintiff's] suit was voluntarily dismissed pursuant to Fed. R. Civ. P. 41(a), and

is treated as if it had never been filed.".)[9]

---

[8] The opportunities for procedural mischief are many. As another example, a patent challenger could file a declaratory action in federal court, and then voluntarily dismiss under Federal Rule of Civil Procedure 41(a)(1) if the case does not proceed as it had hoped.  Because a dismissal under Rule 41(a)(2) is without prejudice unless the court order states otherwise, under the PTAB's view the now-dismissed district court action would not bar the patent challenger from forcing the patent owner to defend a second action, this time in front of the PTAB.

[9] As a factual matter, it is not true that Cyanotech's Hawaii declaratory judgment action was dismissed "without prejudice." Rather, it was dismissed "without prejudice to Cyanotech bringing its claims in the pending parallel action

None of the cases that the USPTO relied on interpreted section 315(a), the word "filed," or even a similar statutory bar. Instead, the cases relied upon by the USPTO stand for the propositions that (i) a litigant cannot avoid a time bar, such as a statute of limitations, by arguing that a late-filed action "relates back" to a previous action that was voluntarily dismissed by the plaintiffs without prejudice,[10] or (ii) that a dismissal without prejudice does not have the preclusive effect in federal court of res judicata/collateral estoppel.[11] Section 315(a) is a different statute that serves a different purpose. It is not a time bar—that function is served by section 315(b). Nor is it akin to res judicata, which simply governs the circumstances under which a party can *re-file* on the same subject matter. Rather, section 315(a) governs choice of forum, and is directed at preventing problems entirely unrelated to the principles at issue in the cases relied by the USPTO to rewrite the plain meaning of section 315(a).

---

in the U.S. District Court for the Middle District of Florida." (A037-A038.) The effect is dismissal *with* prejudice in every venue *other* than the Middle District of Florida. This illustrates one of the many practical problems with the USPTO's approach—by making Section 315(a)'s bar turn on whether the prior action was dismissed with or without prejudice, it introduces ambiguity where there was none before.

[10] *Holloway*, 60 Fed. Cl. at 260-61; *Beck v. Caterpillar, Inc.*, 50 F.3d 405, 407 (7th Cir. 1995); *Bonneville Assocs. Ltd. P'ship v. Barram*, 165 F.3d 1360, 1364 (Fed. Cir. 1999); *Graves v. Principi*, 294 F.3d 1350, 1356 (Fed. Cir. 2002).

[11] *Univ. of Pittsburgh v. Varian Med. Sys.*, 569 F.3d 1328, 1333 (Fed. Cir. 2009).

\*    \*    \*    \*

As shown above, the University has satisfied the three "demanding"

conditions that must be satisfied before a writ of mandamus may issue. *Cheney v.*

*U.S. Dist. Ct. for the Dist. of Columbia*, 542 U.S. 367, 380-81 (2004):

- **"First, the party seeking issuance of the writ must have no other adequate means to attain the relief he desires, *ibid.* a condition designed to ensure that the writ will not be used as a substitute for the regular appeals process."** (internal citations, quotations, and brackets omitted).

  Here, the USPTO's decision to institute an *inter partes* review is "final and nonappealable." 35 U.S.C. § 314(d). A writ of mandamus represents the only means available to patent owners to ensure that the USPTO complies with its statutory mandate.

- **"Second, the petitioner must satisfy the burden of showing that his right to issuance of the writ is clear and indisputable."** *Cheney*, 542 U.S. at 381 (internal citations, quotations, and brackets omitted).

  As explained above, the statutory language is clear and indisputable; it unambiguously forbids the institution of an *inter partes* review after a district court declaratory judgment action has been "filed" by the patent challenger. The legislative history of the statute only confirms this conclusion, and the USPTO is wrong to turn to irrelevant case law to rewrite the words chosen by Congress.

- **"Third, even if the first two prerequisites have been met, the issuing court, in the exercise of its discretion, must be satisfied that the writ is appropriate under the circumstances."** *Cheney*, 542 U.S. at 381.

  This Court should exercise its discretion to issue the writ because mandamus is the only opportunity that this Court will have to correct the USPTO's erroneous assertion of power to initiate *inter partes* review contrary to Congress' express mandate. This will protect not only the University, but other similarly situated patent owners in the future. Further, Cyanotech suffers no prejudice, because it retains its ability to litigate its invalidity defenses in the Florida district court action.

16

## CONCLUSION

The USPTO refused to apply Congress's unambiguous directive in section 315(a).  By doing so, it has unilaterally expanded its jurisdiction beyond the boundaries Congress created.   Mandamus is necessary to confine the USPTO to the statutory limits of its power.   For these reasons, petitioners respectfully request that the Court issue a writ of mandamus.


Dated:  March 4, 2014                     Respectfully submitted,



                                          s/Todd S. Werner
                                          Todd S. Werner

                                          CARLSON CASPERS
                                          225 South Sixth Street, Suite 4200
                                          Minneapolis, MN 55402
                                          Telephone:  (612) 436-9600
                                          Facsimile:  (612) 436-9605

                                          *Attorney for Patent Owner The Board of*
                                          *Trustees of the University of Illinois*

## **CERTIFICATE OF SERVICE**

I certify that on March 4, 2014, two bound copies of the foregoing

PETITION FOR WRIT OF MANDAMUS and the APPENDIX were served by

Federal Express upon:

> Joseph A. Rhoa (Lead Counsel)
> Registration No. 37,515
> NIXON & VANDERHYE P.C.
> 901 North Glebe Road, 11th Floor
> Arlington, VA 22203-1808
> Telephone:  (703) 816-4043
> Email: jar@nixonvan.com

> George E. Darby (Back-up Counsel)
> PARADISE PATENT SERVICES, INC.
> 95 – 1045 Alakaina St.
> Mililani, HI 96789
> Telephone: (808) 626-1300
> Email: cyan@teleport-asia.com

> ---*and*---

> Nathan K. Kelley, Esq.
> Solicitor
> United States Patent & Trademark Office
> Alexandria, VA 22313-1450
> Facsimile (571) 273-0373

I also certify that on March 4, 2014, one original and four bound copies of the foregoing PETITION FOR WRIT OF MANDAMUS were filed, by Federal Express, in the office of the Clerk, United States Court of Appeals for the Federal Circuit.

> s/Todd S. Werner
> *Attorney for Petitioner*