Misc. No. 14-122
(Inter Partes Review Nos. IPR2013-401, -404)

UNITED STATES COURT OF APPEALS
FOR THE FEDERAL CIRCUIT
_____

IN RE THE BOARD OF TRUSTEES OF THE UNIVERSITY OF ILLINOIS

_____

Petition for Writ of Mandamus
United States Patent and Trademark Office,
Patent Trial and Appeal Board

_____

RESPONSE OF THE DIRECTOR OF THE
UNITED STATES PATENT AND TRADEMARK OFFICE

NATHAN K. KELLEY
Solicitor

JEREMIAH S. HELM
JOSEPH MATAL
Associate Solicitors

Mail Stop 8
P.O. Box 1450
Alexandria, VA  22313-1450
(571) 272-9035

March 28, 2014                    *Attorneys for the Director of
                                       the United States Patent
                                       and Trademark Office*

# Table of Contents

I.    Background.................................................................................1

II.   Argument..................................................................................5

      A.    Introduction.........................................................................5

      B.    Statutory background.............................................................6

      C.    Mandamus is not available to review the Director's decision
            whether to institute an inter partes review............................10

      D.    Illinois's mandamus petition should be dismissed because – to the
            extent it can ever challenge the Director's decision to institute an
            inter partes review – it can raise the same arguments on appeal
            from the Board's final written decision ............................156

III.  Conclusion...............................................................................19

## TABLE OF AUTHORITIES

**Cases**                                                                    **Page(s)**

Allied Chem. Corp. v. Daiflon, Inc., 449 U.S. 33 (1980)............................... *passim*

Allvoice Developments U.S. LLC, In re, 388 F. App'x. 996 (Fed. Cir. 2010).......17

Bankers Life & Casualty Co. v. Holland, 346 U.S. 379 (1953) ...............................6

Beasley v. Shinseki, 709 F.3d 1154 (Fed. Cir. 2013)..............................................12

Belkin Int'l, Inc. v. Kappos, 696 F.3d 1379 (Fed. Cir. 2012) ........................ *passim*

Bluewater Network & Ocean Advocates, In re,
    234 F.3d 1305 (D.C. Cir. 2000) ...............................................................5

Cheney v. U.S. Dist. Court for Dist. of Columbia, 542 U.S. 367 (2004).................5

Dome Patent, L.P., In re, No. 605, 2000 WL 290357 (Fed. Cir. Feb. 25, 2000) ....16

Federal Trade Comm'n v. Standard Oil Co., 449 U.S. 232 (1980).........................17

Graves v. Principi, 294 F.3d 1350 (Fed. Cir. 2002) ...............................................13

Heckler v. Ringer, 466 U.S. 602 (1984)..................................................................11

Mallard v. United States Dist. Court for Southern Dist. of Iowa,
    490 U.S. 296 (1989)..................................................................................6

Roche Molecular Sys., Inc., In re, 516 F.3d 1003 (Fed. Cir. 2008) ...................5, 17

Schlagenhauf v. Holder, 379 U.S. 104 (1964)........................................................16

## Statutes and Regulations

35 U.S.C. § 6(b)(4)...........................................................................................1

35 U.S.C. § 141.....................................................................................7, 9, 10

35 U.S.C. § 141(c) ...................................................................................2, 10

35 U.S.C. § 303(c).........................................................................................10

35 U.S.C. § 311.............................................................................................1, 7

35 U.S.C. § 313.............................................................................................1, 7

35 U.S.C. § 314 .................................................................................... *passim*

35 U.S.C. § 314(a) ....................................................................................7, 11

35 U.S.C. § 314(b) ............................................................................... 1, 7, 8

35 U.S.C. § 314(d) ............................................................................... *passim*

35 U.S.C. § 315 .................................................................................................8

35 U.S.C. § 315(a)...........................................................................13, 14, 15

35 U.S.C. § 315(a)(1)........................................................................... *passim*

35 U.S.C. § 315 (a)(3)...................................................................................15

35 U.S.C. § 316(a)(11) ......................................................................... 2, 6, 17

35 U.S.C. § 316(c)....................................................................................1, 6, 9

35 U.S.C. § 318.................................................................................................9

35 U.S.C. § 318(a) ............................................................................... *passim*

iii

35 U.S.C. § 319 ........................................................................................ *passim*

37 C.F.R. § 42.4 .................................................................................4, 7

37 C.F.R. § 42.108 .............................................................................4, 7

38 U.S.C. § 7292 ...................................................................................12

Pub. L. No. 112-29, 125 Stat. 284 (2011).........................................5, 6

## Other Authorities

H.R. 1908, 110th Cong., §6, proposed as 35 U.S.C. § 333 (as introduced
  Apr. 18, 2007)..............................................................................13-14

9 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure
  § 2367 (3d ed.  2013)..........................................................................13

153 Cong. Rec. E773 (daily ed. Apr. 18, 2007)......................................13

157 Cong. Rec. S1374 (daily ed. March 8, 2011) (Statement of Sen. Kyl)............13

iv

# I.    BACKGROUND

By statute, an inter partes review involves two distinct proceedings.  The first is conducted by the Director of the United States Patent and Trademark Office (Director), or her delegate(s), in response to a petition filed by "a person who is not the owner of a patent" requesting the "inter partes review" of the patent.  35 U.S.C. § 311.  The patent owner may, if desired, "file a preliminary response to the petition . . . that sets forth reasons why no inter partes review should be instituted based upon the failure of the petition to meet any requirement . . . ."  35 U.S.C. § 313.  The Director then determines "whether to institute an inter partes review under this chapter pursuant to [the] petition filed [by the third party requester] under section 311."  35 U.S.C. § 314(b).  The "determination by the Director whether to institute an inter partes review" under 35 U.S.C. § 314 is both "final and nonappealable."  35 U.S.C. § 314(d).

After the Director decides to grant a petition for inter partes review, the Patent Trial and Appeal Board (Board) is assigned the task of conducting the review.  35 U.S.C. §§ 6(b)(4), 316(c).  At the end of the proceeding, the Board issues a "final written decision with respect to the patentability of any patent claim challenged by the petitioner and any new claim added" by the patent owner during the review.  35 U.S.C. § 318(a).  The Board must typically issue this decision "not

1

later than 1 year after the date on which the Director notices the institution of a review." 35 U.S.C. § 316(a)(11).

Unlike the Director's decision whether to institute the inter partes review, the Board's final written decision may be appealed. By statute, "[a] party dissatisfied with the final written decision of the Patent Trial and Appeal Board under section 318(a) may appeal the decision pursuant to sections 141 through 144." 35 U.S.C. § 319. The statute thus limits any appeal solely to the "final written decision" issued "under section 318(a)," i.e., the Board's determination of "the patentability of any patent claim," 35 U.S.C. § 318(a). A party to the review may appeal only "the Board's decision to the United States Court of Appeals for the Federal Circuit." 35 U.S.C. § 141(c).

In sum, the two parts of the inter partes review process are: (1) the non-appealable discretionary decision by the Director whether to institute review proceedings to test the patentability of a patent; and (2) the appealable decision of the Board which addresses the issue of patentability of the claims involved in the review. The current case involves the Director's discretionary decision to institute an inter partes review of a University of Illinois (Illinois) patent, U.S. Patent No. 5,527,533 ('533 patent).

The petition for inter partes review of the '533 patent was filed by Cyanotech Corp. (Cyanotech). Prior to the request for inter partes review, Cyanotech brought a declaratory judgment action challenging the validity of the '533 patent in the District of Hawaii. A80.[1] In response, Illinois and its licensee Valensa International filed a lawsuit in the Middle District of Florida accusing Cyanotech of infringing the '533 patent. Illinois Br. 4 n.4. Illinois then moved to dismiss the Hawaii declaratory judgment action on the basis of sovereign immunity. A80. The court granted the motion and dismissed Cyanotech's suit without prejudice for failing to join an indispensable party. A80.

Cyanotech timely filed two separate petitions for inter partes review, involving the same patent and same parties. A79. In a preliminary response, Illinois argued that Cyanotech's petitions were barred by 35 U.S.C. § 315(a)(1) in light of the previously dismissed Hawaii declaratory judgment action. A63. Section 315(a)(1) reads: "An inter partes review may not be instituted if, before the date on which the petition for such a review is filed, the petitioner . . . filed a civil action challenging the validity of a claim of the patent."

---

1.    "A" refers to the pagination of the appendix submitted with Illinois's request for a writ of mandamus. "Illinois Br." refers to the brief submitted in support of the petition.

3

The Board – to which is delegated the authority to make the decision whether to institute an inter partes review on behalf of the Director pursuant to 37 C.F.R. §§ 42.4 & 42.108 – disagreed.  It explained that the section 315(a)(1) bar did not apply to the previously dismissed Hawaii action because "Federal courts treat dismissals without prejudice as an action that de jure never existed."  A86; see generally A86-A89.  Because Cyanotech's Hawaii action was dismissed without prejudice, the Board concluded it was "a nullity" and with respect to section 315(a)(1), "the action was never filed."  A87.  The Board then consolidated Cyanotech's two petitions, instituted inter partes review of claims 1-15, 21, 22, and 26, and declined to institute review of claims 16-20, 23-25, and 27.  A79-80.  Illinois sought rehearing, which the Board denied.  A111.  This petition followed.

## II.    ARGUMENT

### A.    Introduction

"The remedy of mandamus is available only in extraordinary situations to correct a clear abuse of discretion or usurpation of judicial power." In re Roche Molecular Sys., Inc., 516 F.3d 1003, 1004 (Fed. Cir. 2008); see also, e.g., In re Bluewater Network & Ocean Advocates, 234 F.3d 1305, 1315 (D.C. Cir. 2000) ("[C]onsideration of any and all mandamus actions starts from the premise that issuance of the writ is an extraordinary remedy, reserved only for the most transparent violations of a clear duty to act."). This is not such a situation.

Illinois seeks to have this Court review a discretionary order in one of the many post-grant proceedings filed pursuant to the Leahy-Smith America Invents Act (AIA), Pub. L. No. 112-29, 125 Stat. 284 (2011) – an order the statute expressly designates as "final and nonappealable." To be entitled to the "extraordinary" remedy of mandamus, a petitioner must establish: (1) there are no alternative means of obtaining the relief desired and (2) the right to the relief is "clear and indisputable." Allied Chem. Corp. v. Daiflon, Inc., 449 U.S. 33, 35 (1980). Even if the petitioner can meet these two requirements, the court must also "be satisfied that the writ is appropriate under the circumstances." Cheney v. U.S. Dist. Court for Dist. of Columbia, 542 U.S. 367, 381 (2004). "[P]etitioners must

5

show that they lack adequate alternative means to obtain the relief they seek . . .

and carry 'the burden of showing that [their] right to issuance of the writ is clear

and indisputable.'" Mallard v. United States Dist. Court for Southern Dist. of

Iowa, 490 U.S. 296, 309 (1989) (quoting Bankers Life & Casualty Co. v. Holland,

346 U.S. 379, 384 (1953), internal quotations omitted).

## B.    Statutory background

In 2011 Congress passed the AIA, which, among other things, created inter

partes review as an administrative means to challenge the validity of an issued

patent.  Inter partes review has a number of benefits, as compared to the prior

administrative reexamination process.  Among these benefits is a streamlined

review process, with the entire inquiry into patentability conducted before the

Board.  35 U.S.C. § 316(c).  In addition, an inter partes review is an expedited

proceeding, with the Board typically required to issue a decision within one year

after the inter partes review is instituted.  35 U.S.C. § 316(a)(11).

Congress separated the decision to institute an inter partes review from the

decision on the merits of the challenge to the patent.  Congress allocated the power

to institute an inter partes review to the Director of the United States Patent and

Trademark Office (Director).  Cf. Belkin Int'l, Inc. v. Kappos, 696 F.3d 1379,

1382 (Fed. Cir. 2012) (Explaining that a similar inter partes reexamination

provision creates "a two-step process" separating the decision by the Director to institute a reexamination from the examiner's proceedings on the merits.).  In order to institute a proceeding, "a person who is not the owner of a patent" must file a petition with the Director to "institute an inter partes review" of the patent.  35 U.S.C. § 311.  The patent owner may then respond to the petition, identifying "reasons why no inter partes review should be instituted based upon the failure of the petition to meet any requirement" of Chapter 31.  35 U.S.C. § 313.  Based on these submissions, the Director then makes the final decision "whether to institute an inter partes review."  35 U.S.C. § 314(b).[2]

The Director is thus a gatekeeper with the discretion to grant or deny inter partes review petitions.  The Director's decision has a substantive component, namely whether there is a "reasonable likelihood that the petitioner would prevail with respect to at least 1 of the claims challenged."  35 U.S.C. § 314(a).  In addition, the Director's decision must also account for the various procedural requirements that govern whether an inter partes review may be instituted, such as

---

[2]    In practice, as part of her rulemaking authority, the Director delegated the authority to review and grant or deny an inter partes review petition to the Board. 37 C.F.R. §§ 42.4 & 42.108.  The delegation of this authority, however, does not change the statutory framework enacted by Congress.  Although the Board may issue an opinion explaining the decision to grant or deny the petition to institute inter partes review, that determination and any accompanying written decision is issued pursuant to section 314, not section 318(a), and is therefore not subject to appeal based on either section 141 or 319.

the provisions of 35 U.S.C. § 315.  See 35 U.S.C. § 314(b) ("The Director shall determine whether to institute an inter partes review under this chapter pursuant to a petition filed under section 311 . . . ." (emphasis added)); id. § 315(a)(1) ("An inter partes review may not be instituted if, before the date on which the petition for such a review is filed, the petitioner or real party in interest filed a civil action challenging the validity of a claim of the patent.") (emphasis added)).

The Director's discretion is underscored by the statute in several ways. First, and most importantly, Congress provided with respect to the Director's decision whether to institute an inter partes review:  "No Appeal – The determination by the Director whether to institute an inter partes review under this section shall be final and nonappealable."  35 U.S.C. § 314(d).  This language is clear on its face:  the Director's decision to institute the review is discretionary, and not subject to further judicial review.  See Belkin, 696 F.3d at 1382-83 (Analyzing similar statutory language and concluding:  "if a requester disagrees with the Director's determination" the only remedy is "to file a petition to the Director for review of that decision.").  Likewise, Congress excluded the Director's decision from the scope of appeal after the conclusion of an inter partes review, choosing instead to limit appellate review solely to the "final written decision of the Patent Trial and Appeal Board under section 318(a)."  35 U.S.C.

8

§ 319; id. § 318(a) ("If an inter partes review is instituted and not dismissed under this chapter, the Patent Trial and Appeal Board shall issue a final written decision with respect to the patentability of any patent claim challenged by the petitioner and any new claim added under section 316(d)."); see also 35 U.S.C. § 141 (appeal to the Court of Appeals for the Federal Circuit is limited to the Board's final written decision under section 318(a)); cf. Belkin, 696 F.3d at 1383 (Director's decision to institute an inter partes reexamination, while final and nonappealable, is not a final decision on patentability by the Board.).

After the Director (or her delegate(s)) makes a decision on the petition for inter partes review, statutory responsibility shifts to the Board to conduct the proceeding and ultimately make a determination on patentability.  35 U.S.C. §§ 316(c) & 318.  The Board's determination is embodied in a "final written decision with respect to the patentability of any patent claim challenged by the petitioner . . . ."  35 U.S.C. § 318(a).  The right to appeal is limited to the Board's final written decision with respect to patentability.  35 U.S.C. § 319.  Notably, the Director's initial determination to grant a petition and institute review proceedings under section 314 is not part of the Board's final written decision with respect to patentability, and therefore not subject to appellate review pursuant to either section 319 or 141.

9

**C.    Mandamus is not available to review the Director's decision whether to institute an inter partes review**

Mandamus relief is unavailable to correct the error Illinois alleges exists in the Director's decision to institute inter partes review.  Illinois cannot establish a "clear and indisputable" right to relief in this case.  <u>Allied Chem.</u>, 449 U.S. at 35. As an initial matter, the statute is clear on its face that the Director's decision to grant (or deny) a petition for inter partes review is "final and nonappealable."  35 U.S.C. § 314(d).  The Director's decision likewise falls outside the scope of 35 U.S.C. § 141(c), which provides (with emphasis added) that a party dissatisfied "with the <u>final written decision of the Patent Trial and Appeal Board under section 318(a)</u> . . . may appeal the Board's decision only to the United States Court of Appeals for the Federal Circuit."[3]  Thus, Congress precluded judicial review of the Director's decision to institute an inter partes review.[4]  <u>Cf. Belkin</u>, 696 F.3d at

---

3    While the Director's decision whether to institute an inter partes review is a final decision, it is issued pursuant to section 314, and not under section 318(a).

4.    The situation is, if anything, clearer when the Director denies a petition for inter partes review.  In that situation, the Board never issues a final written decision under 35 U.S.C. § 318(a) and no appeal is possible under 35 U.S.C. § 319. The statute makes no distinction between the Director's decision to grant or deny a petition for inter partes review.  <u>See</u> 35 U.S.C. § 314(d) ("The determination by the Director <u>whether</u> to institute an inter partes review under this section shall be final and nonappealable.") (emphasis added)); <u>cf.</u> 35 U.S.C. § 303(c) ("A determination by the Director pursuant to [35 U.S.C. § 303(a)] that <u>no</u> substantial new question of patentability has been raised [in a request for ex parte reexamination] will be final and nonappealable." (emphasis added)).

10

1383-84 ("To allow an otherwise non-appealable decision by the Director to become appealable simply by raising it a second time during the later reexamination would impermissibly circumvent the statutory bar on appeals."). Mandamus is not available to bypass that explicit constraint on judicial review. See Heckler v. Ringer, 466 U.S. 602, 617 (1984) (refusing to permit mandamus review of Secretary's decision about which medical services fall within the statute's "reasonable and necessary" clause or "the means by which she implements her decision").

Indeed, allowing review of the Director's decision via a petition for a writ of mandamus would vitiate section 314(d)'s provision that the Director's decision whether to institute an inter partes review is "final and nonappealable." Under Illinois's view, a dissatisfied patent owner or petitioner could sidestep the Director's nonappealable decision by instead seeking review of the Director's decision via a writ of mandamus. This interpretation of 35 U.S.C. § 314(a) – which allows a reviewing court to order an inter partes review (if it concludes the Director incorrectly denied the petition) or vacate an ongoing inter partes review (if it concludes the Director incorrectly granted the petition) – cannot be squared with a statute that makes the Director's decision both final and nonappealable. The plain language of the statute prevents a challenge to the Director's decision

11

whether to institute an inter partes review.[5] Thus, the Illinois petition should be dismissed.

Even if the Director's implementation of the statutory institution criteria were somehow subject to judicial reevaluation, Illinois has identified no clear or indisputable error in the Director's interpretation of any statutory term. Illinois claims the Board indisputably misinterpreted 35 U.S.C. § 315(a)(1). This section provides:

> An inter partes review may not be instituted if, before the date on which the petition for such a review is filed, the petitioner or real party in interest filed a civil action challenging the validity of a claim of the patent.

The Board proffered a reasonable interpretation of this statute, namely that the bar did not apply to cases, previously filed, which were dismissed without prejudice because such cases are treated as "something that de jure never existed." A86. This understanding of the law is consistent with precedent from both the Federal Circuit and the regional circuits. See, e.g., Graves v. Principi, 294 F.3d 1350, 1356

---

5. Section 314(d) is not unique in making part of a decision unreviewable. For example, 38 U.S.C. § 7292 forecloses Federal Circuit review of factual determinations in appeals from the Court of Appeals for Veterans Claims. Mandamus cannot be used to avoid this type of limitation and obtain review of a decision which Congress otherwise removed from the Court's appellate jurisdiction. See Beasley v. Shinseki, 709 F.3d 1154, 1158 (Fed. Cir. 2013) (When considering a mandamus petition, "we do not interfere with the CAVC's role as the final appellate arbiter of the facts underlying a veteran's claim or the application of veterans' benefits law to the particular facts of a veteran's case.").

(Fed. Cir. 2002) ("The dismissal of an action without prejudice leaves the parties as though the action had never been brought."); see generally 9 Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure § 2367 (3d ed. 2013) (Collecting cases and explaining: "as numerous federal courts have made clear, a voluntary dismissal without prejudice under Rule 41(a) leaves the situation as if the action never had been filed."). The Board's analogy to cases involving a dismissal without prejudice is especially apt because, like those cases, section 315(a)(1) asks whether a prior litigation should preclude the filing of a later action.

The Board's application of the statute to the facts of this case is also consistent with the reasons for its enactment. Illinois acknowledges that the purpose of the statutory provision is to "'prevent abuse of these proceedings for the purposes of harassment or delay.'" Illinois Br. 13 (quoting 157 Cong. Rec. S1374 (daily ed. March 8, 2011) (Statement of Sen. Kyl)).[6] There is no dispute that the

---

6. Illinois also cites as support for its interpretation of 35 U.S.C. § 315(a) a statement by Representative Berman to the effect that the patent reform bill "prohibits multiple bites at the apple" by requiring challengers to "opt for only one window at a time." See Illinois Br. 11-12 (citing statement of Rep. Howard L. Berman). The legislation which Mr. Berman described, however, was the Patent Reform Act of 2007 (see 153 Cong. Rec. E773 (daily ed. Apr. 18, 2007)), which would have barred administrative review of a patent only after a "final decision . . . in a civil action arising . . . under section 1338 of title 28." Patent Reform Act of 2007, H.R. 1908, 110th Cong., § 6, proposed 35 U.S.C. § 333 (as introduced Apr. 18, 2007). Mr. Berman's remarks cannot possibly be construed to support the proposition for which Illinois cites them: that 35 U.S.C. § 315(a) bars a challenger

13

dismissal without prejudice of Cyanotech's previously filed suit eliminated the very concerns (harassment of patent owners, the desire to avoid multiple litigations in multiple fora) which motivated the bar's inclusion in the AIA.

In contrast, there is no indication that Congress intended to deny a party like Cyanotech, whose Hawaii declaratory judgment action was dismissed without prejudice based on Illinois's assertion of sovereign immunity, the ability to petition for inter partes review. Stripping a party of all rights to seek inter partes review on account of a transient declaratory judgment action that was not allowed to proceed based on the patentee's assertion of sovereign immunity is a harsh and unforgiving rule that deprives the accused infringer any choice of forum whatsoever. This is certainly not a result that the new law "clearly" requires, and is unsupported by the legislative history or, indeed, Congress's purpose in creating the inter partes review proceeding.

Illinois's suggestion that mandamus is necessary "to protect patent owners from serial harassment in judicial and administrative proceedings" Illinois Br. 2, does not match the reality of this case. Illinois denied Cyanotech the ability to bring its declaratory judgment suit in Hawaii and instead sued Cyanotech for infringement in Florida. While Illinois argues Cyanotech can still challenge the

---

from seeking inter partes review even if an invalidity action has been dismissed without prejudice.

validity of the patent in the Middle District of Florida, that is beside the point: Congress gave an accused infringer the right to bring and maintain both a declaratory judgment counterclaim and an inter partes review.  35 U.S.C. 315(a)(3).  Cyanotech's right to maintain a declaratory judgment counterclaim in Florida pursuant to section 315(a)(3) has no bearing on whether the dismissal of its Hawaii suit triggers the section 315(a)(1) bar.  Instead, reading section 315(a) as a whole illustrates that Congress's concern was twofold:  (1) to ensure an accused infringer has a real choice when deciding the forum in which to challenge a patent's validity and (2) to prevent an abuse of the inter partes review process via repetitive filings in different fora.  Allowing Cyanotech's petition to proceed meets both of these statutory goals.

If the facts were different, the Board may very well have come to a different conclusion.  But the Board's decision is consistent with both the underlying purpose of the statute as well as the case law that treats a dismissal without prejudice as if the case were never filed in the first place.  This decision is not so clearly erroneous that Illinois has established an indisputable right to relief.

**D.      Illinois's mandamus petition should be dismissed because – to the extent it can ever challenge the Director's decision to institute an inter partes review – it can raise the same arguments on appeal from the Board's final written decision**

15

The Director believes the language of section 314(d) is clear on its face:  the decision whether to institute an inter partes review is final and cannot be challenged in an appeal.  Mandamus is not available to evade that explicit bar.  Congress plainly intended to foreclose attacks on the Director's institution decision and to focus appellate review on the merits of the Board's ultimate decision.

If Illinois could ever properly challenge the Director's decision to institute inter partes review, however, the appropriate time to raise this issue would be in an appeal from the Board's final written decision.  Allied Chem., 449 U.S. at 35.  Congress expressly provided that a "party dissatisfied with the final written decision" has a right of appeal to the Federal Circuit.  35 U.S.C. § 319.  Any appeal may only be brought after the Board has finished its review and issued its final written decision pursuant to 35 U.S.C. § 318(a).

To the extent it is able to obtain any review of the Director's final and nonappealable decision to institute an inter partes review, Illinois proffers no availing justification why it cannot seek its redress after the Board's final decision.  A writ of mandamus "is not to be used as a substitute for appeal . . . even though hardship may result from delay and perhaps unnecessary trial."  Schlagenhauf v. Holder, 379 U.S. 104, 110 (1964) (citations omitted); see also In re Dome Patent, L.P., 2000 WL 290357 at *1 (Fed. Cir. 2000) (nonprecedential) ("[T]hat a patent

16

might unnecessarily be reexamined[] does not present an extraordinary circumstance justifying the remedy of mandamus."); In re Allvoice Developments U.S. LLC, 388 F. App'x. 996, 996 (Fed. Cir. 2010) (nonprecedential) (denying mandamus because Allvoice failed to demonstrate that whether the Board applied "the correct law in determining whether an interference exists . . . cannot be corrected through an ordinary appeal").  The mere possibility that the pending review might be vacated upon appeal is not enough to justify mandamus review. See Roche, 516 F.3d at 1004 ("That a petitioner may suffer hardship, inconvenience, or an unusually complex trial does not provide a basis for [the] court to grant mandamus."); cf. id. ("expenses and burdens of defending action do not constitute irreparable harm") (citing Federal Trade Comm'n v. Standard Oil Co., 449 U.S. 232, 244 (1980)).

Waiting to address all appealable disputes until after the Board's final written determination is also consistent with the purpose of the inter partes review proceedings.  Mandamus "indisputably contributes to piecemeal appellate litigation." Allied Chem., 449 U.S. at 35.  Piecemeal litigation makes it all but impossible for the Board to fulfill its mandate of issuing a final decision in inter partes reviews within one year, see 35 U.S.C. § 316(a)(11), and undermines Congress's intent to ensure a speedy adjudication of patent validity.  Waiting for a

17

final decision before allowing an appeal has the practical benefit of better defining the extent of Illinois's harm:  Illinois's alleged harm is mooted completely if it is successful in the review proceedings, notwithstanding the decision to institute the review in the first place.  For this reason as well, the petition for a writ of mandamus should be denied.

### III.   CONCLUSION

This Court should deny Illinois's mandamus petition because mandamus is not available to review the Director's decision to institute an inter partes review. Even if mandamus relief were not wholly foreclosed, the petition should nevertheless be dismissed because Illinois failed to establish that it has a clear and indisputable right to relief from the Director's decision to institute inter partes review or, if such relief were ever available, that it cannot seek such relief via an appeal after a final decision of the Board.

Respectfully submitted,

March 28, 2014                    /s/ Jeremiah S. Helm
                                 NATHAN K. KELLEY
                                 Solicitor
                                 JEREMIAH S. HELM
                                 JOSEPH MATAL
                                 Associate Solicitors

                                 Mail Stop 8
                                 P.O. Box 1450
                                 Alexandria, VA  22313-1450
                                 (571) 272-9035

                                 *Attorneys for the Director of*
                                 *the United States Patent and*
                                 *Trademark Office*

19

**CERTIFICATE OF SERVICE**

I certify that on March 28, 2014, I electronically filed the foregoing

RESPONSE OF THE DIRECTOR OF THE UNITED STATES PATENT AND

TRADEMARK OFFICE using the Court's CM/ECF filing system, which

constitutes service, pursuant to Fed. R. App. P. 25(c), Fed. Cir. R. 25(a), and

the Court's Administrative Order Regarding Electronic Case Filing 6(A)

(May 17, 2012).


/s/Jeremiah S. Helm
Jeremiah S. Helm
Associate Solicitor
Mail Stop 8, P.O. Box 1450
Alexandria, VA 22313-1450
(571) 272-9035