MISC. NO. 2014-122

_____

UNITED STATES COURT OF APPEALS FOR THE FEDERAL CIRCUIT

_____

**In re:  THE BOARD OF TRUSTEES OF THE UNIVERSITY OF ILLINOIS**

Petitioner

_____

On Petition for Writ of Mandamus to the
United States Patent and Trademark Office
in Nos. IPR2013-401 and IPR2013-404

_____

# Respondent Cyanotech Corp.'s
# Opposition to Petition for Writ of Mandamus

_____

# Table of Contents

**Page**

Table of Authorities ................................................................. ii

Introduction ........................................................................... 1

Counter-statement of the issues presented for review ............................................. 1

Statement of the case................................................................. 2

Reasons why the writ should not issue .................................................. 4

A. The University is not entitled to mandamus ....................................... 4

    1.    *Standard for granting the extraordinary relief of mandamus*.................. 5

    2.    *35 U.S.C. §314(d) explicitly provides that a PTO Board decision to institute Inter Partes Review is "final and nonappealable"*................. 6

    3.    *This Court lacks jurisdiction to entertain the University's petition*........ 10

    4.    *The University failed to exhaust all potentially available administrative remedies*........................................................... 10

B. The Board's decision to institute the IPR was correct on the merits ................. 11

    1.    *Congress has not spoken to the precise question at issue and this Court should give deference to the Board's decision* ...................... 12

    2.    *The Board's decision is reasonable and correct, particularly in the distinct circumstances of this case* ............................... 16

Conclusion .......................................................................... 20

# Table of Authorities

**Cases**                                                                **Page**

*Allied Chem. Corp. v. Daiflon, Inc.,* 449 U.S. 33 (1980) .......................................... 8

*Bankers Life & Casualty Co. v. Holland,* 346 U.S. 379 (1953) .............................. 1

*Beasley v. Shinseki*, 709 F.3d 1154 (Fed.Cir. 2013)....................................................7

*Belkin Int'l, Inc. v. Kappos,* 696 F.3d 1379 (Fed.Cir. 2012)..................................... 6

*Bell Atl. Tel. Cos. v. FCC*, 131 F.3d 1044 (D.C.Cir.1997)......................................13

*Biomedical Patent Management Corp. v. Calif. Dept. of Health Services,*
505 F.3d 1328 (Fed.Cir. 2007).................................................................................. 17

*Bonneville Assoc., Ltd. P'ship v. Barram*, 165 F.3d 1360 (Fed.Cir. 1999) .......16, 18

*C.P.C. v. Nosco Plastics, Inc.,* 719 F.2d 400 (Fed.Cir. 1983) .................................. 9

*Cheney v. U.S. Dist. Court,* 542 U.S. 367 (2004) ...................................................... 5

*Chevron U.S.A., Inc. v. Natural Resources Defense Council, Inc.,*
467 U.S. 837 (1984) ................................................................................................ 12

*Clio USA, Inc. v. The Proctor & Gamble Company*,
IPR 2013-00436, IPR 2013-448, Paper 9 at 6-9 and IPR 2013-00450,
Paper 14 at 5-8 (Jan. 19, 2014) ......................................................................... 4, 18

*Cooper Tech. Co. v. Dudas,* 536 F.3d 1330 (Fed.Cir. 2008)................................... 12

*Cyanotech Corp. v. U.S. Neutraceuticals LLC d/b/a/ Valensa International
and the University of Illinois,* No. 12-CV-351 (D. Hawaii) ..................................... 2

*Edelman v. Jordan*, 415 U.S. 651 (1974) ............................................................... 19

*e-Watch, Inc. v. ACTi Corp.,*
No. SA-12-CA-695-FB, 2013 WL 6334372 (W.D. Tex. Aug. 9, 2013).................. 8

*Genentech v. Eli Lilly & Co.,* 998 F.2d 931 (Fed.Cir. 1993)................................... 15

*Graves v. Principi*, 294 F.3d 1350 (Fed.Cir. 2002) .......................................... 17, 18

*Halbig v. Sebelius,* 2014 WL 129023 (D.D.C. Jan. 15, 2014) ............................... 12

*Heckler v. Ringer,* 466 U.S. 602 (1984) ......................................... 7, 8, 10

*Hewlett-Packard Co. v. MCM Portfolio*,
IPR2013-00217, Paper 10 at 7-8 (Sept. 10, 2013)....................................................18

*Hughes v. United States,* 71 U.S. (4 Wall.) 232 (1866).........................................17

*In Def. of Animals v. Salazar*, 675 F. Supp.2d 89 (D.D.C. 2009) ......................... 12

*In re Allvoice Devs. U.S. LLC,* 388 Fed. Appx. 996 (Fed.Cir. 2010)...................... 9

*In re Dome Patent, L.P.,* No. 605, 2000 WL 290357 (Fed.Cir. 2000) ................. 5-6

*In re Link A Media Devices Corp.,* 662 F.3d 1221 (Fed.Cir. 2011) ........................ 5

*In re MCM Portfolio, LLC,*
No. 2014-104, 2014 WL 595366 (Fed.Cir. Feb. 18, 2014) ...................................5, 9

*In re The Procter & Gamble Company*,
No. 2014-121 (Fed.Cir.).........................................................................................3, 8

*In Vue Security Prods., Inc. v. Merchandising Tech., Inc.,*
IPR 2013-00122, Papers 17, 45, 46 ........................................................................ 18

*Jordon v. Gilligan*, 500 F.2d 701, 703 (6th Cir. 1974)........................................... 19

*Kerr v. U.S. Dist. Court for N. Dist. Of Cal.,* 426 U.S. 394 (1976) ........................ 6

*Lamb v. Principi,* 284 F.3D 1378 (Fed.Cir. 2002) ............................................... 1, 5

*Macauto U.S.A. v. BOS GmbH,* IPR2012-00004, Paper 18 (Jan. 14, 2013) .......... 18

*Mallard v. U.S. Dist. Ct. for S. Dist. of Iowa,* 490 U.S. 296 (1989)........................ 5

*Mentor Graphics Corp. v. Rea*,
No. 1:13-cv-518, 2013 WL 3874522 (E.D. Va. July 25, 2013) ........................... 7, 8

*Nilssen v. Motorola*, 203 F.3d 782 (Fed.Cir. 2000)................................................ 17

*Patlex Corp. v. Quigg,* 680 F. Supp. 33 (D.D.C. 1988)............................................. 6

*Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89 (1984)......................... 19

*Petit v. U.S. Dept. of Educ.,* 675 F.3d 769 (D.C. Cir. 2012) .................................. 13

*Sec'y of Labor, Mine Safety & Health Admin. v. Nat'l Clement Co.,*
494 F.3d 1066 (D.C. Cir. 2007) .............................................................................. 12

*University of Pittsburgh v. Varian Medical Systems, Inc.,*
569 F.3d 1328 (Fed.Cir. 2009)................................................................................ 17

*United States v U.S. Fidelity & Guaranty Co*., 309 U.S. 506 (1940)..................... 19

*Versata Development Corp. v. Rea*, 959 F.Supp.2d 912 (E.D. Va. 2013) ........... 7-9

*Watt v. United States*, 162 Fed. Appx. 486 (6th Cir. 2006)................................. 4, 19

*Wilton v. Seven Falls Co.,* 515 U.S. 277 (1995)....................................................... 15

## Statutes

ADMINISTRATIVE PROCEDURE ACT, 5 U.S.C. §§1 *et seq* .......................................... 7

28 U.S.C. §1291 ......................................................................................................10

28 U.S.C. §1292 ......................................................................................................10

28 U.S.C. §1295 ......................................................................................................10

28 U.S.C. §1651 ......................................................................................................10

35 U.S.C. §311 ................................................................................................. Passim

35 U.S.C. §314(d) ............................................................................................. Passim

35 U.S.C. §315(a)(1)......................................................................................... Passim

LEAHY-SMITH AMERICA INVENTS ACT, Pub. L. No. 112-29, 125
Stat. 284 (2011) §§311-319 ............................................................................ Passim

## Rules

FED.R.CIV.P. 12(b)(7) ................................................................ 17

FED.R.CIV.P. 19 ................................................................... 2, 17

FED.R.CIV.P. 41(b) ................................................................. 17

## Regulations

37 C.F.R. §§1.181-183 .......................................................... 10, 11

37 C.F.R. §41.1(a) ............................................................... 10, 11

37 C.F.R. §41.3 ..................................................................... 11

37 C.F.R. §§ 42.2 .................................................................. 11

37 C.F.R. §§ 42.71 (c) and (d) ..................................................... 3

## Other Authorities

8 MOORE'S FEDERAL PRACTICE, Moore *et al.*, §§41.40, 41.50 (3d ed. 1999) ......... 17

9 FEDERAL PRACTICE AND PROCEDURE,
Wright & Miller, §§2367, 2373 (2d ed. 1994) ....................................... 17

H.R. 1908, 110th Congress (1st Sess. 2007) ................................... 13

S. 1145, 110th Congress (1st Sess. 2007) .................................... 13

157 Cong. Rec. S.1375 (daily ed. Mar. 8, 2011)(statement of Sen. Kyl) ........... 15

# Introduction

Section 314(d) of the LEAHY-SMITH AMERICA INVENTS ACT ("AIA") states in no uncertain terms that "[t]he determination by the Director whether to institute an *inter partes* review . . . shall be final and nonappealable."  Pub. L. No. 112-29, 125 Stat. 284 (2011) (codified as 35 U.S.C. § 314(d)).  Petitioner, The Board of Trustees of the University of Illinois ("the University"), attempts to circumvent this clear Congressional mandate by resort to a writ of mandamus.  However, "extraordinary writs cannot be used as substitutes for appeals, even though hardship may results from delay and perhaps unnecessary trial."  *Lamb v. Principi*, 284 F.3d 1378, 1384 (Fed.Cir. 2002) (quoting *Bankers Life & Casualty Co. v. Holland*, 346 U.S. 379, 383 (1953)).  Respondent Cyanotech Corp. ("Cyanotech") respectfully urges the Court to deny the University's request for mandamus relief.

## Counter-statement of the issues presented for review

1.    Whether a determination by the U.S. Patent and Trademark Office ("USPTO") to institute an *inter partes* review ("IPR") is final and nonappealable under 35 U.S.C. §314(d).

2.    Whether review of any determination by the Patent Trial and Appeal Board ("PTAB," the "Board") of the USPTO in an IPR must await a "Final Written Decision" of the Board issued pursuant to 35 U.S.C. §318(a).

3.     If the Court reaches the underlying question, whether the Board's construction of 35 U.S.C. §315(a)(1) is entitled to deference as a reasonable interpretation of a statutory provision the USPTO is charged with administering.

4.     If the Court reaches the underlying question, whether a declaratory judgment action dismissed without prejudice because an indispensible party invoked sovereign immunity should be regarded "as if it had never been brought" for purposes of 35 U.S.C. §315(a)(1).

## Statement of the case

On June 28 and 29, 2013 Cyanotech filed two IPR petitions seeking *review* of U.S. Patent 5,527,533 (" the '533 patent") under 35 U.S.C. §311.  On October 2, 2013, the University filed Preliminary Responses arguing the IPR was barred under 35 U.S.C. §315(a)(1) based on an earlier District of Hawaii declaratory judgment suit ("the Hawaii Action")[1].  On December 19, 2013 the PTAB granted both petitions, ruling that §315(a)(1) did not bar institution the IPR's because dismissal of the Hawaii Action "without prejudice" on procedural grounds[2] rendered that case "an action that *de jure* never existed" and "a nullity" such that,

---

[1]  *Cyanotech Corp. v. U.S. Neutraceuticals LLC d/b/a/ Valensa International and the University of Illinois,* No. 12-CV-352 (D. Hawaii).

[2]  The University, which was the patent owner and thus an indispensable party under FED.R.CIV.P. 19, invoked sovereign immunity under the 11th Amendment.

"[i]n the context of §315(a)(1), the action was never filed." [A086-A087, Paper 17, at 10-11].  The Board stated:  "We decline to adopt the University's interpretation of §315(a)(1) because such an interpretation fails to consider adequately relevant case law and legislative intent."  [A086, Paper 17 at 9].

The Board denied the University's request for rehearing under 37 C.F.R. §42.71 (c) and (d) [A101-A107] on January 13, 2014 [A108-A111], stating:

> Cyanotech's actions [seeking declaratory judgment] did not bar institution of an *inter partes* review because their case was dismissed without prejudice, which has the legal effect of rendering the action a nullity and leaves the parties in the same legal position as if the civil action was never filed. [A109, Paper 29, at 2]

Notwithstanding the clear language of 35 U.S.C. §314(d) that "[t]he determination by the Director whether to institute an *inter partes* review . . . shall be final and nonappealable," the University nevertheless filed the instant petition for a writ of mandamus on March 4, 2014.

The University has failed to make a case as to why this Court should invoke an extraordinary writ to undertake interlocutory review of a decision Congress regarded as not subject to judicial review.  Additionally, the Board's decision on the underlying question is consistent with the legislative history of the AIA, the treatment of dismissals without prejudice by this Court and the Supreme Court, and with the Board's decision in the co-pending mandamus action, *In Re The Proctor & Gamble Company,* No. 2014-121 (Fed.Cir.) ("the *P&G* proceeding"), in which the

Board held a prior declaratory judgment action voluntarily dismissed without prejudice did not bar a subsequent IPR.  Cyanotech's position on the impropriety of mandamus to circumvent 35 U.S.C. §314(d) is entirely consistent with the Respondent and the USPTO in the *P&G* proceeding and the USPTO's position in this case.  However, Cyanotech's Section 315(a) position is even stronger than the *P&G's* Respondent's because it involves a state's sovereign immunity.[3]

Absent a state's consent, the Eleventh Amendment is a complete jurisdictional bar; federal courts can neither hear nor adjudicate actions against unconsenting states or its agencies.  Thus, unlike the *P&G* proceeding, any judgment by the Hawaii district court would have been void.  Indeed, it would have been "as if the judgment never existed [because] '[a] void judgment is one which, from its inception, was a complete nullity and without legal effect.' "[4]  In other words, even more so than the dismissed declaratory judgment action in the *P&G* proceeding, the Hawaii Action essentially "never existed."

## Reasons why the writ should not issue

### A.    The University is not entitled to mandamus

---

[3]   See Response of Clio USA, Inc. to Petition for Writ of Mandamus [dkt. 20], *In re The Procter & Gamble Company*, No. 2014-121 (Fed.Cir. March 13, 2014). See also *Clio USA, Inc. v. The Proctor & Gamble Company*, IPR 2013-00438 & IPR 2013-00448, Paper 9 at 6-9 and IPR 2013-00450, Paper 14 at 5-8 (January 9, 2014).

[4]   *Watt v. United States*, 162 Fed. Appx. 486, 503 (6th Cir. 2006).

1.     *Standard for granting the extraordinary relief of mandamus*

"Mandamus, prohibition and injunction against judges are drastic and

extraordinary remedies . . .  As extraordinary remedies, they are reserved for really

extraordinary causes."  *Lamb v. Principi*, 284 F.3d 1378, 1382 (Fed.Cir. 2002),

quoting *Ex parte Fahey*, 332 U.S. 258, 259-60 (1947.  "Writs of mandamus are to

be used only in extraordinary circumstances and when no meaningful alternatives

are available." *Lamb* at 1382, quoting *In re Newman*, 763 F.2d 407, 409-10

(Fed.Cir. 1985).  "The remedy of mandamus is available only in extraordinary

situations to correct a clear abuse of discretion or usurpation of judicial power." *In

re Link_A_Media Devices Corp*., 662 F.3d 1221, 1222 (Fed.Cir. 2011).

"A party seeking a writ [of mandamus] bears the burden of proving that it

has no other means of obtaining the relief desired, and that the right to issuance of

the writ is 'clear and indisputable.' " *Mallard v. U.S. Dist. Ct. for S. Dist. of Iowa*,

490 U.S. 296, 309 (1989).  "In seeking [mandamus] relief, [the University] faces a

heavy burden.  It must show:  (1) that it has a clear legal right to relief; (2) that

there are no adequate alternative legal channels through which petitioner may

obtain that relief; and (3) that the grant of mandamus is appropriate under the

circumstances." *In re MCM Portfolio, LLC*, No. 2014-104, 2014 WL 595366 at *1

(Fed.Cir. Feb. 18, 2014) (citing *Cheney v. U.S. Dist. Court*, 542 U.S. 367, 380-81

(2004.  See also *In re Dome Patent, L.P.*, No. 605, 2000 WL 290357 at *1

(Fed.Cir. 2000) (nonprecedential) ("[T]hat a patent might unnecessarily be reexamined[]does not present an extraordinary circumstance justifying the remedy of mandamus."); *Kerr v. U.S. Dist. Ct. for N.D. of Cal.*, 426 U.S. 394, 403 (1976).

### 2. *35 U.S.C. §314(d) explicitly provides that a decision to institute Inter Partes Review is "final and nonappealable"*

35 U.S.C. §314(d) provides that "[t]he determination by the Director whether to institute an *inter partes* review . . . shall be final and nonappealable." Thus, "[the Director's] determination is a matter committed entirely to his discretion and thus not subject to judicial review." *Patlex Corp. v Quigg*, 680 F. Supp. 33, 35 (D.D.C. 1988) (addressing similar "final and nonappealable" decision of the former Board of Patent Appeals and Interferences).  See also *Belkin Int'l, Inc. v. Kappos*, 696 F.3d 1379, 1382-83 (Fed.Cir. 2012), (Analyzing similar statutory language in prior *inter partes* reexamination statute and concluding:  "if a requester disagrees with the Director's determination" the only remedy is "to file a petition to the Director for review of that decision," further noting that "[t]o allow an otherwise non-appealable decision by the Director to become appealable . . . would impermissibly circumvent the statutory bar on appeals.").

The University simply ignores the clear bar of Section 314(d) by asking this Court to overturn the PTAB's, "final," "nonappealable" and discretionary decision to institute *inter partes* review.  Mandamus is not available to bypass such an explicit constraint on judicial review.  See *Heckler v. Ringer*, 466 U.S. 602, 617

(1984) (refusing to permit mandamus review of Secretary's decision about which medical services fall within the statute's "reasonable and necessary" clause).[5]

Similar attempts to circumvent 314(d) through civil actions against the Director under the Administrative Procedures Act ("APA") 5 U.S.C. §§ 1 *et seq.*, have failed. See *Mentor Graphics Corp. v. Rea*, No. 1:13-cv-518, 2013 WL 3874522 (E.D. Va. July 25, 2013). See also *Versata Dev. Corp. v. Rea*, 959 F.Supp.2d 912 (E.D. Va. 2013) (unsuccessfully challenging institution of post-grant review).

The PTO's decision to institute an *inter partes* review of the '533 patent was only the initial step in an adjudicatory process, a step Congress specifically provided would be "final and nonappealable" without exception. As held by the *Mentor* court, "Even though [a party] is forced to participate in the *inter partes* proceedings, this fact does not render the PTAB's decision final under the APA" such that review, by appeal or otherwise, is proper. *Mentor Graphics* at *3. To the contrary, allowing review of the Director's decision to institute would "undermine the overarching congressional intent to streamline administrative review . . . ." *Versata*, 959 F. Supp., at 921. As further noted by the USPTO in the *P&G* mandamus action:

---

[5] See also *Beasley v. Shinseki*, 709 F.3d 1154, 1158 (Fed.Cir. 2013) (When considering a mandamus petition, "we do not interfere with the CAVC's role as the final appellate arbiter of the application of veteran's benefits law to the particular

> Waiting to address all appealable disputes until after the Board's final written determination is also consistent with the purpose of the *inter partes* review proceedings. Mandamus "indisputably contributes to piecemeal appellate litigation." *Allied Chem. [Corp. v. Daiflon, Inc..]* 449 U.S. [33] at 35 [(1980)]. Piecemeal litigation makes it all but impossible for the Board to fulfill its mandate of issuing a final decision in inter partes reviews within one year, 35 U.S.C. § 316(a)(11), and undermines Congress's intent of providing a speedy adjudication of patent validity.

Response of the Director of the United States Patent and Trademark Office [dkt. 19], p. 17, *In re The Procter & Gamble Company*, No. 2014-121 (Fed.Cir. March 13, 2014).

As part of its burden in seeking mandamus relief the University must also establish that it has no other adequate remedy at law other than appeal by writ. See *Heckler v. Ringer*, 466 U.S. 602, 616 (1984). However, this is not the case here as 35 U.S.C. § 319 expressly provides that at the conclusion of an IPR proceeding, "A party dissatisfied with the final written decision of the Patent Trial and Appeal Board under section 318(a) may appeal the decision [and] . . . [a]ny party to the *inter partes* review shall have the right to be a party to the appeal." See also *Mentor*, at *3 ("Congress specifically chose to allow direct review of the PTAB's final written determination to the Federal Circuit"); and *e-Watch, Inc. v. ACTi Corp.*, No. SA-12-CA-695-FB, 2013 WL 6334372 *5-6 (W.D. Tex. Aug. 9, 2013) (explaining *inter partes* review procedures). So, to the extent any review of the

---

facts of a veteran's case.").

Board's "nonappealable" discretionary decision to institute is ever permissible, it

can only be after a final written decision under §318(a).

As further noted in *Versata* at 921:  "[t]he statutory framework makes clear

that the reviewable decision is the Board's final written decision and not the

Board's threshold decision to institute [review]."  This Court recently denied a

petition for mandamus challenging the Board's institution of an IPR the patent

owner urged was barred by §315(b) but "without prejudice to MCM attempting to

raise its Section 315(b) arguments on appeal after final decision by the Board."  *In

re MCM Portfolio, LLC*, No. 2014-104, 2014 WL 595366 at *1 (Fed.Cir. Feb. 18,

2014).  See also, *In re Allvoice Devs. U.S. LLC*, 388 Fed.Appx. 996, at 996

(Fed.Cir. 2010) (non-precedential), directed to a nearly identical question:

> Allvoice's petition asserts that the PTO did not apply the
> correct law in determining whether an interference exists.
> However, Allvoice has not demonstrated that any error by the
> PTO cannot be corrected through an ordinary appeal after the
> PTO proceedings have been concluded.  Thus Allvoice has not
> shown that it has no other means for attaining the relief it seeks
> and the petition is denied.

If decisions by the Board to institute *inter partes* review are final and

nonappealable, as clearly indicated by Section 314(d), the University cannot

circumvent that absolute bar by writ of mandamus or other procedural mechanism.

Conversely, if the decision to institute the IPR can be reviewed on appeal as part of

the Board's final decision, then the University has made no showing that the

extraordinary remedy of mandamus is necessary.  See *C.P.C. v. Nosco Plastics, Inc.*, 719 F.2d 400, 401 (Fed.Cir. 1983) (denying writ where court had jurisdiction to hear appeal on merits after final decision).  In either event, the University's petition must be denied.

### 3.    *This Court lacks jurisdiction to entertain the University's petition*

The University's "jurisdictional statement" relies on 28 U.S.C. § 1295, which only provides jurisdiction to this Court over certain "appeals," including of PTAB decisions "under title 35."  But 35 U.S.C. § 314(d), entitled "No appeal," explicitly states that the decision at issue here is "nonappealable."  Thus, if the writ petition is considered an "appeal," it is precluded under § 314(d), and if it is not considered an appeal then this Court lacks jurisdiction.  28 U.S.C. § 1651, the "all writs statute," also relied upon by the University, cannot cure this deficiency, as § 1651 only applies to writs by courts "in aid of their respective jurisdictions" and alternative writs by "a court which has jurisdiction."  Section 1651 does create jurisdiction in a court *ab initio;* it relies on other statutes to establish such jurisdiction.  There is no other statute applicable to this case.   The University's petition must be denied for lack of jurisdiction.

### 4.    *The University failed to exhaust all potentially available administrative remedies*

A writ of mandamus "is intended to provide a remedy for a plaintiff only if he has exhausted all other avenues of relief and only if the defendant owes him a

clear nondiscretionary duty." *Heckler v. Ringer*, 466 U.S. at 616. Here, Sections 1.181-183 of Title 37 Code of Federal Regulations ("CFR") provide that petitions may be taken to the Director of the PTO in certain circumstances for review of actions, for example, by examiners during ex parte prosecution. 37 C.F.R. § 1.181(a)(1) (2013). These sections of Part 1 of Title 37 are made applicable to "practice" before the PTAB in section 41.1(a), thus indicating that a petition to the Director may be taken in connection with at least certain aspects of Board practice, as set forth in sections 1.181-183 or 41.3. See 37 C.F.R. § 1.181-1.183, 41.3 (2013).[6] Therefore, the University could have filed a petition under sections 1.181-183 or 41.3 to seek immediate review of the Board's alleged error by the Director and thereby determine whether the Director would accept such a petition. *Id*. The University chose not to do so, thus depriving the Director and the Office of the opportunity to weigh in in advance of the proceeding before this Court. This failure further justifies denial of the University's petition.

**B.    The Board's decision to institute the IPR was correct on the merits**

If this Court reaches the underlying Section 315(a) issue, the University has misconstrued the legislative history of Section 315(a). A careful reading of the

---

[6] Part 41 of Title 37 applies to "appeals and interferences," and to "practice" before the PTAB, which must be interpreted as broader than appeals and interferences. 37 C.F.R. § 41.1(a) (2013). Part 42 of Title 37 directly applies to "proceedings" before the PTAB, wherein "proceedings" are defined to include IPR, post-grant review ("PGR") and transitional business method reviews. 37 C.F.R. § 42.2 (2013).

legislative history shows that Congress has not spoken to the precise question at issue here, i.e., whether a declaratory judgment action dismissed without prejudice on procedural grounds, specifically a dismissal under Rule 19 because the Patent Owner, an indispensible party, invoked sovereign immunity under the Eleventh Amendment to the Constitution bars an IPR by such a declaratory judgment plaintiff. Accordingly, this Court should defer to the Board's interpretation.

### 1. *Congress has not spoken to the precise question at issue and this court should give deference to the Board's decision*

*Chevron U.S.A., Inc. v. Natural Res. Def. Council, Inc*., 467 U.S. 837 (1984), sets out the analytical framework for judicial review of the construction of a statute as interpreted by the the agency charged with its enforcement. "Under step one of *Chevron*, [the court] ask[s] whether Congress has directly spoken to the precise question at issue." *Sec'y of Labor, Mine Safety & Health Admin. V. Nat'l Cement Co*., 494 F.3d 1066, 1073 (D.C. Cir. 2007), quoted in *Halbig v. Sebelius*, No. 13-0623, 2014 WL 129023 at * 11 (D.D.C. Jan. 15, 2014). "If, however, the Court concludes that 'the statute is silent or ambiguous with respect to the specific issue ..., [the Court] move[s] to the second step and defer[s] to the agency's interpretation as long as it is based on a permissible construction of the statute.' " Halbig at *11 (quoting *In Def. of Animals v. Salazar*, 675 F. Supp. 2d 89, 94 (D.D.C. 2009). See also *Cooper Tech. Co. v. Dudas*, 536 F.3d 1330, 1337-38, 1343 (Fed.Cir. 2008) (PTO interpretation of provision entitled to deference).

Here, the precise question is: "Does the use of the term 'filed' in Section 315(a) indicate an intention to bar the institution of an *IPR based on* an earlier declaratory judgment action dismissed without prejudice for lack of an indispensible party, i.e., the University, who voluntarily invoked its sovereign immunity under the 11th Amendment to the Constitution?"  That "precise question" (or even the more general version directed to procedural dismissals without prejudice) has not been addressed by the statute.  This is the context in which Section 315(a)'s prohibition must be addressed because "[T]he literal language of a provision taken out of context cannot provide conclusive proof of congressional intent." *Petit v. U.S. Dept. of Educ.*, 675 F.3d 769, 781 (D.C. Cir. 2012), quoting *Bell Atl. Tel. Cos. v. FCC*, 131 F.3d 1044, 1047 (D.C.Cir.1997).

The University quotes several passages from the legislative history of Section 315(a), without context and without regard for the specific question involved in this case.  The University also ignores the circuitous route that the Patent Reform Act of 2007 took before ultimately being enacted in much different form at the AIA.  The legislative history does not support the University's position when viewed in context.

The bills that became the AIA were originally introduced as the "Patent Reform Act of 2007."  (H.R. 1908, 110th Cong.(1st Sess. 2007); S. 1145, 110th Cong. (1st Sess. 2007)).  The House bill was introduced by Representative Berman

of California.  It introduced only a single new proceeding entitled "post-grant review."  It did not contain provisions analogous to the IPR proceedings at issue. Instead, it contemplated changes to the then-existing *inter partes* reexamination proceeding (35 U.S.C. §§ 311-318).  Most importantly, there was no provision in the bill at that time providing that the previous filing of a declaratory judgment action would bar institution of post-grant review.  Therefore, Rep. Berman's comments that the cancellation petitioner can "opt for only one window one time" and cannot have "multiple bites at the apple" have absolutely no applicability to the language in Section 315 – which did not then exist.  Because there was no equivalent to Section 315 in his bill, Rep. Berman was plainly referring to the sections in his bill that limited the post-grant review window to one year after issuance of the patent (§ 322 as introduced), and barred review if the same petitioner had previously filed another petition for the same patent (§ 324 as introduced).  The University's reliance on these comments is entirely misplaced.

Senator Kyl's comments in September 2008 and March 2011 are no more applicable than Rep. Berman's.  Senator Kyl basically repeats the language of Section 315 in ways that do not explicate its meaning, particularly in the context of this case.  For instance, Senator Kyl noted that former Section 322 contained "a number of provisions," not just the language that became Section 315(a), limiting the use of post-grant proceedings and that these provisions were designed to limit

use of such proceedings as a "delaying tactic."  Obviously this statement has no

application to filing an IPR petition after an earlier declaratory judgment has been

dismissed without prejudice.  Senator Kyl's March 2011 comments must also be

read in their entirety:

> Sections 315(a) and 325(a) bar a party from seeking or
> maintaining such a review if he has sought a declaratory
> judgment that the patent is invalid. . . .  These two subsections
> (a) do not restrict the rights of an accused infringer who has
> been sued and is asserting invalidity in a counterclaim.  That
> situation is governed by section 315(b), which provides that if a
> party has been sued for infringement and wants to seek *inter
> partes* review, he must do so within 6 months [1 year as
> enacted] of when he was served with the infringement
> complaint.

157 Cong. Rec. S.1375 (emphasis added).  In the normal course of events, a suit

for infringement and a separate declaratory judgment suit for invalidity would not

be co-pending.  Whichever action was filed first (in this case, the Hawaii Act)

would normally be the action maintained under the first-to-file rule typically

followed by this Court, with the other suit (here, the University's infringement

suit) usually dismissed without prejudice. See, *e.g., Genentech v. Eli Lilly & Co*.,

998 F.2d 931, 937 (Fed.Cir. 1993), overruled on other grounds, *Wilton v. Seven

Falls Co*., 515 U.S. 277 (1995).  However, when the declaratory judgment action is

dismissed without prejudice (because of the University's selective invocation of

sovereign immunity) and the separate infringement suit proceeds, as was the case

here, the accused infringer's right to institute an IPR would be governed by Section

315(b), imposing the one-year time frame.  Under the University's interpretation of Section 315(a), however, a dismissal of the prior declaratory judgment without prejudice, for whatever reason, would deprive the declaratory judgment plaintiff of both its preferred forum and the ability to ever have an IPR instituted.  The statute does not express this intention.

Finally, there is nothing in the legislative history of Section 315(a) that affirmatively suggests that Congress intended to override the long history of the Federal Rules and the case law, both Supreme Court and Federal Circuit (cited by the Board), holding that a dismissal without prejudice puts the parties in the position "as if the case had never been filed" (see discussion below).   Absent language addressing this specific situation, and in light of a legislative history that is far less instructive than the University argues, Congress clearly did not speak to this "precise issue" and this Court should defer to the Board's reasonable interpretation of the statute.

2.     ***The Board's decision is reasonable and correct, particularly in the distinct circumstances of this case***

Because Congress was silent as to the precise question presented here, this Court should defer to the PTO's and the Board's interpretation of Section 315(a) as long as it is reasonable.  Here, the Board followed the general rule set out in decades of case law and the Federal Rules of Civil Procedure to the effect that a dismissal without prejudice leaves the parties in the same position "as if the action

had never been brought."  This Court has endorsed that interpretation in multiple

cases.  See *Bonneville Assoc., Ltd. P'ship v. Barram*, 165 F.3d 1360, 1364

(Fed.Cir. 1999) ("The rule in the federal courts is that '[t]he effect of a voluntary

dismissal without prejudice pursuant to Rule 41(a) is to render the proceedings a

nullity and leave the parties as if the action had never been brought."); *Graves v.

Principi*, 294 F.3d 1350, 1356 (Fed.Cir. 2002) ("The dismissal of an action without

prejudice leaves the parties as if the action had never been brought.").

Dismissal for failure to join an indispensable party under FED.R.CIV.P.

12(b)(7) and FED.R.CIV.P. 19 is without prejudice and has no preclusive effect.

*See*, FED.R.CIV.P. 41(b).  *See also, Univ. of Pittsburgh v. Varian Medical Systems,

Inc*., 569 F. 3d 1328, 1332 (Fed.Cir. 2009) ("a dismissal for failure to join a party

is not an adjudication on the merits…");  *Hughes v. United States*, 71 U.S. (4

Wall.) 232, 237 (1866) ("If the first suit was dismissed for a defect of pleadings, or

parties,… the judgment rendered will prove no bar to another suit,").  This is true

regardless of whether the dismissal is voluntary or involuntary.  "The parties were

left in the same legal position with respect to the patent claims as if they had never

been filed," *Nilssen v. Motorola, Inc*., 203 F.3d 782, 785 (Fed.Cir. 2000), citing 8

MOORE'S FEDERAL PRACTICE ¶¶41.40[9][b], 41.50[7][b], and 9 Charles Alan

Wright & Arthur R. Miller, FEDERAL PRACTICE AND PROCEDURE §§ 2367, 2373

(2d ed. 1994).  See also, *Biomedical Patent Management Corp. v California,* 505

17

F.3d 1328, 1334 (Fed.Cir. 2007), citing 9 Charles Alan Wright & Arthur R. Miller, FEDERAL PRACTICE AND PROCEDURE § 2367 (2d ed. 1995).

The Board addressed this issue in the context of Section 315(b) in *Macauto U.S.A. v. BOS GmbH*, IPR2012-00004, Paper 18 at 14-16 (Jan. 24, 2013), holding that a prior infringement suit voluntarily dismissed without prejudice did not bar a subsequent IPR because the "Federal Circuit has consistently interpreted the effect of such dismissals as leaving the parties as though the action had never been brought," citing *Graves v. Principi*, 294 F.3d at 1356.  See also *Hewlett-Packard Co. v. MCM Portfolio*, IPR2013-00217, Paper 10 at 7-8 (Sept. 10, 2013) (also addressing Section 315(b)).

More recently, the Board reached this same conclusion in at least two other cases interpreting Section 315(a).  See, *Clio USA, Inc. v. The Proctor & Gamble Co.*, IPR 2013-00438 & IPR 2013-00448, Paper 9 at 6-9 and IPR 2013-00450, Paper 14 at 5-8 (January 9, 2014), rehearing denied February 4, 2014 (Board instituted IPRs over Section 315(a) challenge where petitioner had earlier filed a declaratory judgment action that was dismissed without prejudice).  See also, *InVue Security Prods., Inc. v. Merchandising Tech., Inc*., IPR 2013-00122, Paper 17 at 8-10 (Jun. 27, 2013) (holding to the same effect, citing, *inter alia, Macauto U.S.A. v. BOS GmbH, supra).*  As previously noted, a petition for writ of mandamus is also pending before this Court in the P&G proceeding.

Cyanotech's position on the propriety of mandamus relief to circumvent the clear provisions of 35 U.S.C. §314(d) is entirely consistent with that of the Respondent in the *P&G* case.  However, Cyanotech's facts and position on the underlying Section 315(a) issue are considerably stronger than those in the *P&G* case which did not involve the distinct circumstance of a dismissal without prejudice based on a patent owner's invocation of, sovereign immunity, which it could have chosen to waive, thereby necessitating the dismissal.

Absent the State's consent or waiver, the Eleventh Amendment is a complete jurisdictional bar.  See, *e.g., Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 119-20 (1984); *Edelman v. Jordan*, 415 U.S. 651, 678 (1974).  Federal courts can neither hear nor adjudicate an action against an unconsenting State or its agencies. *Id.*  Thus, unlike in *P&G* case, any judgment by the Hawaii district court would have been void.  *Jordon v. Gilligan*, 500 F.2d 701, 703 (6th Cir. 1974); cf. *United States v United States Fidelity and Guaranty Co.,*  309 U.S. 506, 514 (1940) (finding that, absent consent, the "attempted exercise of judicial power [against a sovereign] is void").  Indeed, it would have been "as if the judgment never existed [because] '[a] void judgment is one which, from its inception, was a complete nullity and without legal effect.' "  *Watt v. United States*, 162 Fed. Appx. 486, 503 (6th Cir. 2006) (citations omitted).  Even more so than in the *P&G* case, the Hawaii action never existed for purposes of Section 315(a).

Consistent with the legislative intent and decades of Supreme Court and Federal Circuit authority, the Board has consistently interpreted both Sections 315(a) and (b) to preserve an accused infringer's right to file an IPR within one year of service of a patent infringement complaint without regard to a prior declaratory judgment action dismissed without prejudice, particularly one dismissed in favor of the patentee's infringement suit.  Should this Court reach the merits of this dispute, it should give deference to the Board's reading of the statute, particularly in the distinct circumstances of the present case, *i.e.*, a dismissal without prejudice based on sovereign immunity, the waiver of which was entirely in the control of the patent owner.

## Conclusion

For all of the above reasons, Cyanotech respectfully requests that the Court deny the University's petition for writ of mandamus.

Respectfully submitted,

March 28, 2014

*/s/ Robert A. Rowan*
Robert A. Rowan
Joseph A. Rhoa
Michael E. Crawford
NIXON & VANDERHYE P.C.
901 North Glebe Road
Arlington, Virginia 22203
Telephone:  703-816-4000
Facsimile: 703-816-4100

*Attorneys for Respondent Cyanotech Corporation*

# Certificate of Interest

Counsel for respondent, CYANOTECH CORPORATION, certifies the following:

1.     The full name of every party or amicus represented by me is CYANOTECH CORPORATION, which is a publicly traded corporation, a publicly traded corporation.

2.     I also represent NUTREX HAWAII, INC. (a subsidiary of Cyanotech Corporation) in a related case concerning U.S. Patent 5,527,533:  *U.S. Nutraceuticals LLC d/b/a Valensa International and The Board of Trustees of the University of Illinois v. Cyanotech Corp. and Nutrex Hawaii, Inc.*, Civ. No. 5:12-cv-366 (M.D. Fla.).  Cyanotech is also represented in the Florida action by George E. Darby of DARBY LAW CORPORATION and John A. Boudet and Shayne A. Thomas of ROETZEL & ANDRESS.  I also represented Cyanotech Corp. in a suit for declaratory judgment, *Cyanotech Corp. v U.S. Nutraceuticals LLC (dba Valensa Int'l) and the University of Illinois,* No. 1:12-cv-352 (D. Hawaii).  Cyanotech Corp. was also represented in the Hawaii action by: Brent R. Tobin, Bruce L. Lamon, John R. Lacy, GOODSILL ANDERSON QUINN & STIFEL LLP, Honolulu, Hawaii.

3.   There are no publicly held affiliates of any corporate party represented by

me.

4.   The names of all law firms and the partners or associates that appeared for

the party or amicus now represented by me in the trial court or agency or are

expected to appear in this court are:

**NIXON & VANDERHYE P.C.**               **DARBY LAW CORPORATION**
Robert A. Rowan                          George Darby
Joseph A. Rhoa
Michael E. Crawford


March 28, 2014                    /s/ *Robert A. Rowan*
                                  Robert A. Rowan
                                  rar@nixonvan.com
                                  NIXON & VANDERHYE P.C.

Form 30

**FORM 30. Certificate of Service**

# UNITED STATES COURT OF APPEALS
# FOR THE FEDERAL CIRCUIT

# CERTIFICATE OF SERVICE

I certify that I served a copy on counsel of record on
by:

3/28/2014

☐ US mail
☐ Fax
☐ Hand
☒ Electronic Means
   (by email or CM/ECF)

| Robert A. Rowan | /s/  Robert A. Rowan |
|---|---|
| Name of Counsel | Signature of Counsel |

Law Firm    Nixon & Vanderhye P.C.

Address    901 N. Glebe Road

City, State, ZIP    Arlington, VA 22203

Telephone Number    703-816-4000

FAX Number    703-816-4100

E-mail Address    rar@nixonvan.com

NOTE: For attorneys filing documents electronically, the name of the filer
under whose log-in and password a document is submitted must be preceded
by an "/s/" and typed in the space where the signature would otherwise appear.
Graphic and other electronic signatures are discouraged.